UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SONYA TURNER, ET AL

VERSUS

LARRY TALBERT, ET AL

CIVIL ACTION

NO. 04-450-JJB

## **RULING ON PLAINTIFF'S SECOND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

This matter is before the Court on Plaintiff's motion (doc. 87) for leave to file a second amended complaint. This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons stated herein the Court DENIES Plaintiff's motion.

Plaintiffs are members of a defined contribution 401(k) savings plan (the "Plan") under the Employee Retirement Income Security Act of 1974 ("ERISA"). Pan American Life Insurance Company ("Pan American") contracted with Plan executives to provide ministerial administrative services for the Plan. Participants filed a breach of fiduciary duty claim against Pan American for losses sustained during Pan American's alleged freeze of Plan assets.

On December 31, 2010, Plaintiff filed its second motion (doc. 87) for leave to file a second amended complaint. Plaintiff wishes to amend its complaint to (1) dismiss Jimmy Williamson, former trustee of the Plan, as a defendant, and substitute him as a plaintiff and (2) allege that Plaintiffs seek relief on behalf of

the plan as an entity, which Plaintiffs assert is necessary to bring a claim under ERISA.

Under Federal Rule of Civil Procedure 15—except in limited circumstances which do not apply here—a party may amend its pleading only with the consent of the other party or with leave of court. Fed. R. Civ. P. 15(a)(1)-(2). Moreover, under the Rules, a court "should freely give leave when justice so requires," id. at 15(a)(2), taking into consideration issues of timing and prejudice. *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 388 (5th Cir. 1982).

The Court finds that Plaintiffs should not be permitted to amend their complaint. Despite that ERISA "§ 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries, [the] provision does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account." *LaRue v. DeWolff, Boberg, & Assocs, Inc.*, 552 U.S. 248, 256 (2008). Therefore, ERISA permits a plan's beneficiaries to individually bring suit for fiduciary breaches which impair the value of a plan's assets. Moreover, because trial is set to begin in a matter of weeks, substituting Williamson as a plaintiff at this juncture will likely prejudice Defendants and/or delay the trial.

## **CONCLUSION**

Accordingly, the Court hereby DENIES Plaintiff's second motion (doc. 87) for leave to file a second amended complaint.

Signed in Baton Rouge, Louisiana this 4th day of January, 2011.

                                     **JUDGE JAMES J. BRADY**
                                     **UNITED STATES DISTRICT COURT**
                                     **MIDDLE DISTRICT OF LOUISIANA**