UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SONYA A. TURNER, ET AL.                    CIVIL ACTION NO. 04-450-JJB-DLD

VERSUS

LARRY TALBERT, ET AL.

## MEMORANDUM OPINION

The dispute in this case revolves around an alleged "freeze" of 401(k) plan assets by defendant Pan American Insurance Company and the subsequent inability of plaintiffs,[1] participants in the 401(k) plan at issue through their employer Progix, Inc., to withdraw their money or change their investment choice. The plaintiffs allege the freeze constituted a discretionary act of control which both imposed fiduciary duties upon Pan American and also constituted a breach of that duty. The defendants assert that the alleged freeze never occurred, that the transfer of funds to another administrator was non-discretionary and purely ministerial, that such action does not impose fiduciary liability, and that in any event no damages can be proven because the increased investment earnings of any other course of action would be speculative.

On February 7, 2011, the Court held a bench trial regarding this matter.[2] (*See* Minute Entry, Doc. 95). The parties filed pre-trial and post-trial proposals regarding findings of fact and conclusions of law. (Docs. 83, 86, 96-97). Having carefully considered the evidence and the arguments of the parties, the court now renders

---

[1] Plaintiffs in this case include: Sonya Turner, Vena Cormier, Wesley J. Nixon, Julie Constance, Charlotte Jourdan, Angie Malone, and John Shipman. The Court acknowledges that Constance and Shipman were not present at trial, but as the following explains, plaintiffs' request that their claims be dismissed without prejudice must be denied.

[2] The Court apologizes for unduly prolonging issuance of this opinion. The parties deserved a resolution of this matter in a more expeditious fashion.

its findings of fact and conclusions of law in accordance with Fed. Rule Civ. P. 52(a).

## I. Findings of Fact

In 1996, Pan American executed an "Administrative Service Agreement" (hereinafter, the "plan agreement") with Epcon, Inc., the predecessor-in-interest to Progix, Inc. (Trial Ex. 1). The plan agreement specifically provided that Pan American was not a plan administrator and does not exercise discretionary authority or control regarding the plan's management or administration. (Trial Ex. 1). The plan agreement also provided that control, responsibility and authority for the management and administration resided in the plan administrator or other designee as provide in the plan agreement. (Trial Ex. 1). The plan agreement provided that Pan American would provide quarterly statements to plan participants in addition to other ministerial duties. (Trial Ex. 1). Pan American issued quarterly statements to each participant, including plaintiffs, according to the plan agreement. (Trial Ex. 7). The Progix summary plan description identified Progix as the plan administrator. (Trial Ex. 2). The Progix summary plan description identified Larry Talbert and Jimmy Williamson as plan trustees. (Trial Ex. 2). The Progix summary plan description identified Mary Nobles as the plan's investment administrator. (Trial Ex. 2). The Progix summary plan description advised plan participants that "upon termination of employment, if you so elect, the plan administrator will direct the trustee to distribute your vester benefit to you before the date it would normally be distributed (upon your death, disability or retirement)." (Trial Ex. 2).

The plan administrator never directed either the trustee or Pan American to distribute plaintiffs' vested benefits before Pan American terminated the plan agreement

effective February 1, 2003. Larry Talbert, the plan trustee and president of Progix, failed to forward to Pan American employee contributions to the plan. (Trial Exs. 3, 4, and 5). Pan American effectively froze accounts of plan participants approximately beginning in August 2002 such that some participants could not withdraw money. (Trial Exs. 15-20). Pan American permitted several plan participants to change their investment options during the account freeze. The account freeze was precipitated by the failure of Progix, the plan administrator, and Talbert, the plan trustee, to adhere to the plan agreement.

Plaintiff Sonya Turner did not attempt to remove funds from Progix and was permitted to reallocate her funds during the freeze. Plaintiff Vera Cormier did not attempt or intend to change her investments within the plan and never contacted Pan American regarding the plan. Plaintiff Wesley Nixon did not attempt to change his investments within the plan and never contacted Pan American regarding the plan. Plaintiff Geri Malone did not attempt or intend to change her investments within the plan and never contacted Pan American regarding the plan. Plaintiff Charlotte Jourdan presented no evidence regarding her alleged attempts to make account changes, and the Court finds she did not attempt to do so. No evidence was presented regarding Plaintiffs John Shipman and Julie Constance, and neither testified at trial.

The failure of Progix and Talbert to provide information and direction to Pan American caused Pan American to terminate the plan agreement effective February 1, 2003. Pan American transferred all plan assets to another custodian on or about the effective date of the plan agreement termination.

II. Conclusions of Law

Jurisdiction is established under 28 U.S.C. § 1331 and the Employee Retirement

Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq*. The Progix plan is an employee benefit plan as that term is defined by ERISA, and plaintiffs are plan participants under ERISA. 29 U.S.C. § 1002. Pan American was not a plan fiduciary as defined by ERISA under the plan agreement. *Id.* Pan American did not become a plan fiduciary under ERISA, as it never exercised discretionary control, authority, or responsibility such that it amounted to the actual decision maker regarding plan management or administration. *Reich v. Lancaster*, 55 F.3d 1034, 1049 (5th Cir. 1995). Pan American merely exercised physical control for the performance of mechanical administrative tasks, exempting it from ERISA fiduciary status. *White v. HCA, Inc.*, 240 F.Supp.2d 600, 603 (E.D. La. 2002).

  The freeze was caused by the negligence of the plan administrators and trustees, not as a result of any duty Pan American owed to the plan participants. Moreover, the Court cannot find that the freeze itself caused any injury to plaintiffs. The Court finds that all testimony regarding attempts to withdraw or transfer funds not credible. There is simply no evidence showing an attempt to withdraw funds by any plaintiff, and no evidence was brought forward to substantiate plaintiffs' claims that Pan American failed to transfer or reallocate funds at the direction of plaintiffs. No evidence exists to show any such request was ever made or denied by Pan American.

  The Court must conclude that Pan American never became a fiduciary under ERISA, and even if it did, Pan American's actions in temporarily freezing withdrawals from the account did not injure plaintiffs.

III.  Conclusion; Order

Accordingly, the claims of all plaintiffs are DISMISSED with prejudice at their cost. The Court exercises its discretion in declining to award attorney's fees to either party since neither plaintiffs nor Pan American acted in bad faith.

Baton Rouge, Louisiana, September 26, 2011.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA